Filed 6/30/14  P. v. Upton CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058258, E059249 |
| v. | (Super.Ct.No. FCH02080) |
| JAMES UPTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Erin A. Swenson and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant James Upton is currently serving a prison sentence of 50 years to life based on two 1997 firearm related convictions, for which he was sentenced under the three strikes law. Pursuant to Proposition 36, known as the Three Strikes Reform Act of 2012 (hereafter Reform Act or Act), defendant petitioned the trial court for a recall of his sentence and resentencing as a second strike offender. (Pen. Code,[1] § 1170.126, subd. (b).) The trial court denied the petition, finding defendant was ineligible for resentencing under the Reform Act because he was armed with a firearm and personally used a firearm during his commitment offenses. (§ 1170.126, subd. (e)(2).) Defendant timely appealed (case No. E058258), and while that appeal was pending he requested that the trial court reconsider its order. The trial court once again found defendant was ineligible for recall and resentencing, and it denied the request for reconsideration. Defendant appealed from the second denial (case No. E059249), and we granted his motion to consolidate the appeals.

On appeal, defendant contends the trial court erred by finding he is ineligible for resentencing under the Act because (1) the two convictions for which he is serving consecutive 25 years to life sentences are not serious or violent felonies, (2) the People did not plead and prove that defendant used a firearm or was armed with a firearm or deadly weapon during the commission of his commitment offenses, and (3) the court based its ruling on facts that were not found true beyond a reasonable doubt by a jury.

---

[1] Unless otherwise indicated, all further undesignated statutory references are to the Penal Code.

The record of defendant's direct appeal from his conviction, of which we take judicial notice, demonstrates that defendant was armed with a firearm during his commitment offenses, and nothing in the plain language of the Act or in relevant case law requires that being armed with a firearm must have been pleaded and proven at trial in order to render a prisoner ineligible for resentencing. Furthermore, the facts used to disqualify defendant from resentencing were not used to impose greater sentences than the ones he was already serving, so a jury need not have found them true beyond a reasonable doubt. Because defendant is ineligible for resentencing under the plain language of the Act, we affirm the orders denying defendant's petition and his request for reconsideration.

## I.

## FACTS AND PROCEDURAL BACKGROUND[2]

In an information filed on October 30, 1996, the People alleged defendant committed an assault on a peace officer with a semiautomatic firearm (§ 245, subd. (d)(2), count 1), drew or exhibited a firearm in the immediate presence of a peace officer (§ 417, subd. (c), count 2), drew or exhibited a deadly weapon to a peace officer to resist arrest (§ 417.8, count 3), and was a felon in possession of a firearm (former § 12021, subd. (a)(1), count 4). With respect to count 1, the People alleged defendant

---

[2] We granted defendant's request for judicial notice of the record in his direct appeal from the 1997 judgment in case No. E021749, and on our own motion we took judicial notice of defendant's appeal from 2002 postjudgment orders in case No. E032020. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

personally used a firearm within the meaning of section 12022.5, subdivisions (a) and (d), which if found true would cause count 1 to become a serious felony within the meaning of section 1192.7, subdivision (c)(8). Finally, the People alleged defendant suffered two prior Arizona convictions for armed robbery and aggravated assault, which were serious or violent felonies within the meaning of section 667, subdivision (b).

In defendant's direct appeal, we summarized the evidence at trial as follows: "At about 10:48 p.m. on August 31, 1996, Chino Police Officer Norman Carter spotted defendant pushing a motorcycle in the right-hand traffic lane of a four-lane road. Officer Carter knew that several motorcycles had been stolen in the area by being pushed away from garages. He thought defendant might have stolen the motorcycle. He also was concerned that, because defendant was wearing dark clothing and the motorcycle had no light, he might be hit by a motorist.

"Officer Carter got out of his patrol car and asked defendant what was going on. Defendant said he was out of gas and was pushing his motorcycle home. Officer Carter asked defendant to step up to the curb so they would not be hit by traffic. As defendant did so, Officer Carter noticed a bulge in defendant's right waistband or pocket and asked defendant if he had any weapons. Defendant did not answer.

"Officer Carter told defendant to turn around and put his hands on his head so he could search defendant. Defendant complied, but then turned to Officer Carter and assumed a 'fighting stance' with his right hand in his right waistband area. Officer Carter thought defendant was reaching for a weapon. He drew his gun, pointed it at defendant, and told him to put his hands up. Defendant started to comply, but then took off running.

4

"Officer Carter pursued defendant. As he did so, defendant turned and reached for his right waistband. Officer Carter drew his gun toward defendant. Defendant continued running but then started to turn again. Officer Carter saw a handgun in defendant's right hand as defendant came to a street corner. Defendant pointed the gun at Officer Carter. He fired two rounds at defendant, wounding him.

"A semiautomatic handgun was found about two feet from where defendant lay in the street after he was shot. The gun was operable but not loaded." (*People v. Upton* (Feb. 25, 1999, E021749) [nonpub. opn.].)

On August 27, 1997, a jury acquitted defendant on count 1, but found him guilty on counts 2 through 4. Notwithstanding its acquittal of defendant of assault on a peace officer with a semiautomatic firearm as alleged in count 1, the jury found true the allegation that defendant personally used a firearm during the commission of the alleged assault. The trial court found true the allegations that defendant suffered Arizona convictions for armed robbery and aggravated assault, and that they were serious or violent felonies.

At defendant's sentencing hearing, the trial court denied defendant's request to strike the two Arizona serious or violent felony convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The trial court designated count 4 as the principal term, and sentenced defendant under the three strikes law to 25 years to life, plus the middle term of four years for the true finding that defendant personally used a firearm within the meaning of section 12022.5, subdivisions (a) and (d). The court sentenced defendant under the three strikes law to 25 years to life on count 2, to be served

5

consecutively to count 4, and sentenced defendant to 25 years to life on count 3, to be served concurrently to count 4. Therefore, defendant was sentenced to a total prison term of 54 years to life.

On appeal, this court affirmed the judgment over a variety of challenges, but modified the judgment to delete the true finding on the personal use enhancement that was not tethered to a conviction, and stayed the sentence on count 3 pursuant to section 654 pending execution of the sentence on the remaining counts. (*People v. Upton*, *supra*, E021749.)[3]

Following passage of the Act, defendant, acting in propria persona, filed a petition in the superior court requesting that the court appoint counsel, that his sentence be recalled, and that he be resentenced as a second strike offender. The trial court denied defendant's petition at an ex parte hearing conducted on January 18, 2013. The minute order states: "The Court has read and considered [the] Petition for Recall of Sentence pursuant to PC 1170.126. [¶] The Court finds that Petitioner does not satisfy the criteria in PC 1170.126(e) and is not eligible. [¶] The petition for recall of sentence is denied. Defendant was armed with a firearm . . . in the current commitment offenses. Defendant is therefore ineligible for resentencing under 1170.126 (PC 667(e)[(2)](C)(III); PC 1170.126(e)(2))." Defendant timely filed a notice of appeal (case No. E058258).

---

[3] In a subsequent appeal, we affirmed postjudgment orders amending the abstract of judgment in conformity with this court's first opinion, and affirmed an order denying defendant's renewed motion to strike his Arizona strike convictions pursuant to *Romero*, *supra*, 13 Cal.4th 497. (*People v. Upton* (Mar. 1, 2003, E032030) [nonpub. opn.].)

6

While defendant's appeal in case No. E058258 was pending, defendant, this time through the San Bernardino County Public Defender, requested that the court place his case on calendar for the trial court to reconsider its denial of defendant's petition for recall and resentencing. According to the public defender, reconsideration was warranted because "the Armed Allegation was overturned on appeal on 2/25/1999." (Bold type omitted.) The court did not calendar defendant's request, and, after another ex parte hearing, again found defendant was ineligible based on personal use of a firearm and denied the request for recall of sentence and resentencing. Defendant timely appealed from this second denial (case No. E059249), and we consolidated the appeals.

II.

DISCUSSION

Defendant contends he is not disqualified from resentencing under the Act because the People did not plead and prove he was armed and personally used a firearm in the commission of the two convictions[4] for which he is serving his three-strike sentences, and because the sole true finding that he personally used a firearm was stricken on appeal because it was not tethered to a valid conviction. Defendant also contends he may not be found ineligible for resentencing based on facts that were not found true beyond a reasonable doubt by a jury.

---

[4] Because we stayed under section 654 the sentence on defendant's conviction for exhibiting a firearm to a peace officer to resist arrest (*People v. Upton*, *supra*, E021749), we will not consider that conviction in our analysis.

7

Although we agree with defendant that he is not disqualified for resentencing under the Act based on the jury's true finding of personal use of a firearm, which we struck, we conclude the evidence that defendant was armed during the commission of his commitment offenses, which need not have been pleaded and proven, does disqualify him. We also conclude disqualifying facts need not have been found true beyond a reasonable doubt by a jury.[5]

A.

Background to the Reform Act

"On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act). The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a

---

[5] We note that the question of whether a prisoner may appeal the denial of a petition for recall and resentencing under the Act is pending before the Supreme Court. (*Teal v. Superior Court*, review granted July 31, 2013, S211708.) Even if we were to conclude such an order is not appealable, we could, in the interests of judicial economy, treat this appeal as a petition for writ of habeas corpus or a petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as a petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as a petition for writ of mandate due to uncertainty in the law about appealability].) Therefore, we reach the merits of the appeal.

serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor.  In all other cases, the recidivist will be sentenced as a second strike offender.  (§§ 667, 1170.12.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

Besides reforming prospective three-strike sentencing, the Act added section 1170.126, which provides for retroactive reform of existing, pre-Proposition 36, three-strike sentences.  That section "provides a means whereby, under three specified eligibility criteria and subject to certain disqualifying exceptions or exclusions, a prisoner currently serving a sentence of 25 years to life under the pre-Proposition 36 version of the Three Strikes law for a third felony conviction that was not a serious or violent felony may be eligible for resentencing as if he or she only had one prior serious or violent felony conviction. [Citations.]" (*People v. White* (2014) 223 Cal.App.4th 512, 517 (*White*).)

An eligible prisoner may petition the superior court for recall of his sentence and for resentencing as a second strike offender.  (§ 1170.126, subd. (b).)  A prisoner is eligible for recall of sentence and resentencing if:  (1) he is currently serving an indeterminate life sentence under the pre-Reform Act three strikes law, which was imposed for a commitment offense or offenses that are not serious and/or violent felonies within the meaning of section 667.5, subdivision (c) or section 1192.7, subdivision (c); (2) the prisoner's current sentence was not imposed for any offense set forth in section 667, subdivision (e)(2)(C)(i)-(iii) or section 1170.12, subdivision (c)(2)(C)(i)-(iii); and (3) the prisoner has no prior convictions for any offense set forth in section 667,

9

subdivision (e)(2)(C)(iv) or section 1170.12, subdivision (c)(2)(C)(iv). (§ 1170.126, subd. (e).) Even if the inmate is otherwise eligible for resentencing, the court may, in its discretion, deny the petition if it concludes resentencing "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

The trial court denied defendant's petition and request for reconsideration because it concluded he was armed with a firearm during the commission of his commitment offenses, so the sole eligibility criteria at issue here is the one found in section 1170.126, subdivision (e)(2).[6] "That criterion is satisfied if the prisoner's life sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of sections 667(e)(2)(C) and 1170.12(c)(2)(C). (§ 1170.126(e)(2).) Stated differently, the second resentencing eligibility criterion set forth in 1170.126(e)(2) is *not* satisfied—and the petitioning prisoner is *ineligible* for resentencing relief under the Reform Act—if the prisoner's life sentence was imposed for any of the disqualifying offenses . . . appearing in sections 667(e)(2)(C)(i)-(iii) and 1170.12(c)(2)(C)(i)-(iii)." (*White*, *supra*, 223 Cal.App.4th at p. 523, fn. omitted.)

More specifically, because defendant was not convicted of a controlled substance offense or a sex offense as defined, respectively, in section 667, subdivision (e)(2)(C)(i) and (ii), and section 1170.12, subdivision (c)(2)(C)(i) and (ii), "[t]he sole disqualifying exclusion at issue in this appeal [is] the armed-with-a-firearm exclusion . . . set forth in

---

[6] There is no question that defendant meets the eligibility requirements under section 1170.126, subdivision (e)(1) and (3), and the People do not contend otherwise.

section 667(e)(2)(C)(iii), and also in section 1170.12(c)(2)(C)(iii), which in pertinent part is substantially identical to section 667(e)(2)(C)(iii).  Under the plain language of the armed-with-a-firearm exclusion, [defendant] is ineligible for resentencing relief as a second strike offender if his life sentence was 'imposed' because '[d]uring the commission of the current offense, [he] . . . was armed with a firearm. . . .' (§§ 667(e)(2)(C)(iii) & 1170.12(c)(2)(C)(iii) [both cross-referenced in § 1170.126(e)(2)].)"  (*White*, *supra*, 223 Cal.App.4th at p. 523, fns. omitted.)

B.

<u>A Prisoner May Be Disqualified from Resentencing Under the Reform Act Based on</u>
<u>Facts That Are Not Tethered to a Conviction Or a Firearm Enhancement</u>

Defendant argues he is not ineligible for resentencing under section 1170.126, subdivision (e)(2), because he was not found to have been "armed with a firearm" during the commission of his commitment offenses.  According to defendant, sections 667, subdivision (e)(2)(C)(iii), and 1170.12, subdivision (c)(2)(C)(iii)—which are referenced in section 1170.126, subdivision (e)(2)—"mirror and encompass the firearm sentencing enhancement" in section 12022 and, therefore, require (1) a true finding that defendant was armed with a firearm during the commission of a felony, and (2) a "tethering or underlying felony, not mere possession of a firearm."  Because the sole true finding that defendant was armed with a firearm was not tethered to a conviction on count 1, and this court struck that true finding in defendant's first appeal, defendant contends he is eligible for resentencing under the Reform Act.  Our colleagues in Division One of the Fourth District and in the Fifth District recently rejected similar arguments.

11

In *White*, the prisoner was serving a three-strike sentence following his conviction for being a felon in possession of a firearm. (*White*, *supra*, 223 Cal.App.4th at p. 518.) The trial court denied the prisoner's petition for resentencing under the Act because he was armed with a firearm during the commission of his commitment offense. (*Ibid*.) Division One of the Fourth District noted that the accusatory pleading did not allege the prisoner was "armed" when he committed the offense of being a felon in possession of a firearm, and the People did not plead a sentence enhancement based on the prisoner being armed with a firearm. (*Id*. at pp. 524-525.) However, the court concluded the record of the prisoner's underlying conviction established that he was, in fact, armed with a firearm, and that the People's theory of the case was not that defendant merely possessed a firearm, "but also that he was armed with the firearm during [the] commission of the current offense." (*Id*. at pp. 525-526.) Finally, the court concluded that finding the prisoner ineligible for resentencing based on evidence in the record that he was armed, but not based on such a finding by the trier of fact, "is consistent with the purposes of the Reform Act. [T]he Reform Act is intended to provide resentencing relief to low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession. [Citation.] [The prisoner's] current offense of being a felon in possession of a firearm—when viewed in light of the fact that he was armed with the firearm during the commission of that offense—cannot be deemed a petty or minor crime for purposes of the Reform Act." (*Id*. at p. 526.)

More recently, the Fifth District reached a similar conclusion in *People v. Osuna* (2014) 225 Cal.App.4th 1020, petition for review pending, petition filed May 28, 2014, S218183 (*Osuna*).  As in *White*, the prisoner in *Osuna* was serving a three-strike sentence after having been convicted of being a felon in possession of a firearm, but the People did not allege he was armed with a firearm at the time or allege a sentence enhancement based on being armed with a firearm.  (*Osuna*, at p. 1027.)  The trial court denied the prisoner's petition for resentencing, concluding he was ineligible because he was armed with a firearm during the commission of his offense.  (*Id.* at p. 1028.)  The appellate court concluded the record contained evidence that the prisoner "had a firearm available for offensive or defensive use" during the commission of his offense because he "was actually holding a handgun."  (*Id*. at p. 1030.)  "Thus, factually he was 'armed with a firearm' within the meaning of the Act."  (*Ibid*.)

The prisoner argued he was not ineligible for resentencing under section 1170.126, subdivision (e)(2), because a finding of being armed with a firearm had to be tethered to an underlying conviction or there had to be a "'facilitative nexus'" between the arming and the possession.  (*Osuna*, *supra*, 225 Cal.App.4th at p. 1030.)  The appellate court agreed tethering and a "'facilitative nexus'" are required when imposing an "'armed with a firearm'" sentence enhancement under section 12022.  (*Osuna*, at pp. 1030-1031.)  "However, unlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), the Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '[*d*]*uring* the commission of' the current offense (italics added).  'During' is

13

variously defined as 'throughout the continuance or course of' or 'at some point in the course of.' [Citation.] In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one. The two are not the same. [Citation.]" (*Id*. at p. 1032.) "Since the Act uses the phrase '[d]uring the commission of the current offense,' and not 'in the commission of the current offense' (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Ibid*.)

Applying *White* and *Osuna* to this case, we conclude defendant was armed with a firearm during the commission of his commitment offenses. The two convictions for which defendant is serving three-strike sentences are for possession of a firearm by a felon (former § 12021, subd. (a)(1)), and for exhibiting a firearm in the presence of a peace officer (§ 417, subd. (c)). Neither conviction requires a specific finding that the defendant was "armed with a firearm" during the commission of the offense, but both offenses may be committed by an armed defendant.

"A defendant is armed if the defendant has the specified weapon available for use, either offensively or defensively. [Citations.] . . . '[A] firearm that is available for use as a weapon creates the very real danger it will be used.' [Citation.] Therefore, '[i]t is the availability—the ready access—of the weapon that constitutes arming.' [Citation.]" (*People v. Bland* (1995) 10 Cal.4th 991, 997, italics omitted.) The defendant is considered armed even if the weapon is inoperable (*People v. Nelums* (1982) 31 Cal.3d

14

355, 359-360) or, as here, it is unloaded (*People v. Masbruch* (1996) 13 Cal.4th 101, 1006-1007).

"'The statutory elements of a violation of [former] section 12021[(a)(1)] . . . are that a person, who has previously been convicted of a felony, had in his or her possession or under his or her custody or control any firearm.' [Citation.] [¶] Although the crime of possession of a firearm by a felon may involve the act of personally carrying or being in actual physical possession of a firearm, as occurred here, such an act is not an essential element of a violation of section [former] 12021(a) because a conviction of this offense also may be based on a defendant's constructive possession of a firearm. [Citations.] 'To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited item, either directly or through another person.' [Citation.] [¶] Thus, while the act of being armed with a firearm—that is, having ready access to a firearm [citation]—necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it. For example, a convicted felon may be found to be a felon in possession of a firearm if he or she knowingly kept a firearm in a locked offsite storage unit even though he or she had no ready access to the firearm and, thus, was not armed with it." (*White*, *supra*, 223 Cal.App.4th at p. 524, italics omitted.)

Although section 417, subdivision (c), does not require the fact finder to conclude the defendant was "armed" with a firearm (see CALCRIM No. 981), it would appear it is almost impossible to find that a defendant "drew or exhibited" a firearm in a rude, angry, or threatening manner in the presence of a peace officer, without also implicitly finding

the defendant was armed because he had a firearm available for offensive or defensive use. To "draw" means, among other things, "to remove (a weapon) from a sheath," and "the removing of a revolver or automatic pistol from its holster." (Webster's 3d New Internat. Dict. (1981) p. 686, cols. 2, 3.) To "exhibit" means "to present to view: SHOW, DISPLAY." (*Id*. at p. 796, col. 1.) If in a rude, angry, or threatening manner the defendant pulls out his firearm from a holster, waistband, or coat pocket, in the presence of a peace officer, he has drawn a firearm that was available for offensive or defensive use and, therefore, he was armed. Likewise, if the defendant pulls up his shirt to expose to view a firearm tucked in his waistband or back pocket, or unzips his jacket to expose a holstered firearm, he has exhibited a firearm that was available for use and was, therefore, armed.

In any event, the evidence in this case amply demonstrate that, even if the jury was not required to conclude that defendant was armed with a firearm, he was actually armed. After stopping to speak with defendant, the officer noticed a bulge in defendant's right waistband or pocket and asked if defendant had any weapons. Defendant did not answer the officer. The officer then told defendant to turn around and put his hands behind his back. Defendant complied, but then turned around, assumed a "fighting stance," and placed his right hand in the area of his waistband. Thinking defendant was reaching for a weapon, the officer drew his firearm and told defendant to put his hands up. Defendant started to comply, but then fled on foot. As the officer gave chase, "defendant turned and reached for his right waistband." The officer pointed his weapon at defendant, and defendant kept running away. Defendant then started to turn around again, and the

16

officer "saw a handgun in defendant's right hand as [he] came to a street corner." When defendant pointed the gun at the officer, the officer fired twice at defendant and wounded him. The police officer found an operable but unloaded semiautomatic handgun about two feet from where defendant lay in the street wounded. (*People v. Upton*, *supra*, E021749.)

Based on these facts, there is no doubt that defendant was armed with a firearm during the commission of his commitment offenses because he had a firearm at his disposal for offensive or defensive use. Therefore, under the plain language of section 1170.126, subdivision (e)(2), defendant is ineligible for resentencing as a second strike offender.

## C.

<u>The People Need Not Have Pleaded and Proven Beyond a Reasonable Doubt</u>

<u>That Defendant Was Armed with a Firearm to Render Him Ineligible for</u>

<u>Resentencing Under the Reform Act</u>

Defendant also contends that, because the People did not plead and prove he was "armed with a firearm" when he was a felon in possession of a firearm in violation of former section 12021, subdivision (a)(1), or that he was "armed with a firearm" when he drew or exhibited a firearm in the presence of a peace officer in violation of section 417, subdivision (c), the trial court could not find he was armed for purposes of disqualification under section 1170.126, subdivision (e)(2). In his reply brief, defendant contends the use of facts from the record to find he was armed with a firearm and, therefore, is ineligible for resentencing under the Act, would violate his Sixth

17

Amendment right to have a jury determine beyond a reasonable doubt all facts that mandate his three-strike sentence. The courts in *White* and *Osuna* also addressed these arguments and rejected them.

The defendant in *White* relied on the "plead and prove" requirements found in sections 667, subdivision (e)(2)(C), and 1170.12, subdivision (c)(2)(C), for the position that "'any offense or conduct that disqualifies a petitioner from relief under the Reform Act must be "pled and proven" by the prosecution.'" (*White*, *supra*, 223 Cal.App.4th at p. 526.) The appellate court rejected that assertion for two reasons. First, although section 1170.126, subdivision (e)(2), cross-references sections 667, subdivision (e)(2)(C)(i)-(iii), and 1170.12, subdivision (c)(2)(C)(i)-(iii), nothing in section 1170.126 references or incorporates the "plead and prove" language. (*White*, at pp. 526-527.) Second, the "plead and prove" language from sections 667, subdivision (e)(2)(C), and 1170.12, subdivision (c)(2)(C), applies solely to the *prospective* portion of the Reform Act, which governs new, post-Proposition 36 sentencing under the three strikes law of defendants convicted of current serious or violent felonies, and it does not apply to the *retrospective* portion of the Reform Act, which governs recall of pre-Proposition 36 sentences. (*White*, at p. 527.) Therefore, as long as the record contained evidence that the inmate was armed with a firearm during the commission of his commitment offense, the court concluded he was disqualified from resentencing under the Act, notwithstanding the People's failure to plead and prove he was armed. (*White*, at p. 527.)

The *Osuna* court rejected the same "plead and prove" argument. "[W]hen an initial sentencing for a current offense is at issue [under the Reform Act], there is a clear statutory pleading and proof requirement with respect to factors that disqualify a defendant with two or more prior strike convictions from sentencing as a second strike offender. [Citations.] [¶] Fairly read, however, section 1170.126 does not impose the same requirements in connection with the procedure for determining whether an inmate already sentenced as a third strike offender is eligible for resentencing as a second strike offender. [Citation.] Subdivision (e) of the statute provides: 'An inmate is eligible for resentencing if: [¶] . . . [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.' This language refers specifically to the disqualifying factors, and does not incorporate the pleading and proof requirements contained in other portions of sections 667, subdivision (e)(2)(C) and 1170.12, subdivision (c)(2)(C). Contrary to defendant's assertion, such a construction neither creates an ambiguity where none existed nor reads the pleading and proof requirement out of the statute." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1033; accord, *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058, petn. for review pending, petn. filed May 30, 2014, S218914.)

Finally, the court in *Osuna* concluded that "disqualifying factors need not be proven to a jury beyond a reasonable doubt where eligibility for resentencing under section 1170.126 is concerned." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1038, fn. omitted.)

19

First, under the plain language of section 1170.126, subdivision (f), the trial court, not a jury, must determine a prisoner's eligibility for resentencing. (*Ibid*.) Second, relying on the reasoning from *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, the *Osuna* court concluded "*Apprendi* [*v. New Jersey* (2000) 530 U.S. 466] and its progeny do not apply to a determination of eligibility for resentencing under the Act." (*Osuna*, at p. 1039.) "A finding [that] an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed. The trial court's determination here that defendant was armed with a firearm during the commission of his current offense did not increase the penalty to which defendant was already subject, but instead disqualified defendant from an act of lenity on the part of the electorate to which defendant was not constitutionally entitled." (*Id*. at p. 1040.)

We agree with *White* and *Osuna*, and adopt their reasoning as our own. Nothing in the plain language of section 1170.126, subdivision (e)(2), requires that the ample disqualifying facts demonstrating defendant was armed with a firearm during the commission of his commitment offenses had to have been pleaded and proven at his trial. Moreover, because those disqualifying facts were not used to impose increased or aggravated punishment for his underlying crime, and denial of his petition will merely result in him serving the remainder of the properly imposed three-strike sentence he was already serving, the trial court could properly consider those facts under section 1170.126 notwithstanding that a jury did not find those facts true beyond a reasonable doubt.

## III.

## DISPOSITION

The postjudgment orders are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____

Acting P. J.

We concur:


RICHLI_____

J.


CODRINGTON_____

J.